# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2015

Lyle W. Cayce
Clerk

No. 15-60024
Summary Calendar

CLIFTON WALKER, SR.,

      Plaintiff - Appellant

v.

CITY OF GULFPORT; GULFPORT POLICE DEPARTMENT; ALAN
WEATHERFORD, Gulfport Police Chief, Retired, In his official capacity,

      Defendants - Appellees

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-331

---

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Clifton Walker, Sr., sued numerous parties alleging various civil rights violations, and most of those defendants eventually moved for summary judgment. Upon granting summary judgment in favor of all movants, the district court ordered Appellant to show cause why judgment should not also be rendered in favor of the non-movant defendants. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60024

court gave Appellant fourteen days in which to respond. On the fourteenth and final day, Appellant filed a request for extension of time rather than a response to the order to show case. The request was denied. When later granting summary judgment in favor of the remaining defendants, the district court discussed its prior denial of Appellant's request for additional time:

> After the close of business on December 8, Plaintiff's counsel filed a Motion for Extension of Time, asking for an additional two weeks to comply with the Court's Order. He claimed that he had been involved in several "high-profile" criminal trials since the beginning of December. However, he offered no explanation as to why he could not have filed a Response to the Court's Order, or at least the Motion for Extension, well before the date that the Response was due, but instead waited until the eleventh hour to request additional time. Accordingly, the Court exercised its discretion to deny the Motion. *See, e.g.*, *McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010) (discussing district court's discretion to grant or deny a motion for extension of time).

This appeal is limited to whether the district court abused its discretion in refusing to grant Appellant's request for an extension. Appellant's argument on appeal is that the unfortunate timing of the criminal trials rendered the 14-day deadline unfair under the circumstances, meaning the district court abused its discretion when it refused to grant an extension.

While the timing of the criminal trials was undoubtedly unfortunate, the onus was on Appellant to make the court aware of the issue long before the deadline lapsed, instead of at the last moment. *See Rashid v. Delta State Univ.*, Case No. 4:14-CV-00053-DMB, 2015 WL 1774416, at *5 (N.D. Miss. Apr. 17, 2015) ("Waiting until the proverbial eleventh hour to take action is always risky business . . . ." (quoting *Bruce v. Cnty. of Rensselaer,* Case No. 02-CV-0847, 2003 WL 22436281, at *2 (N.D.N.Y. Oct. 20, 2003))). The district court was well within its discretion to deny the request.

AFFIRMED.